UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-06339-JAK (SP) | Date | August 30, 2023 |
|---|---|---|---|
| Title | RAYMOND A. GREEN v. BPH COMMISSIONERS, et al. | | |

| Present: The Honorable | Sheri Pym, United States Magistrate Judge | |
|---|---|---|
| Kimberly I. Carter | n/a | n/a |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Petitioner: | | Attorneys Present for Respondent: |
| n/a | | n/a |

**Proceedings:** **(In Chambers) Order to Show Cause Why Petition Should Not Be Dismissed Due to Failure to Exhaust and Lack of Verification**

On August 3, 2023, petitioner Raymond A. Green, a California state prisoner, filed a Petition for Writ of Habeas Corpus (the "Petition"), presumably under 28 U.S.C. § 2254. Petitioner used a state habeas petition form, and the first page of the Petition indicates it was to be filed in the Superior Court. Accordingly, it is not clear that petitioner even intended to bring a federal habeas petition in this court.

Assuming petitioner did intend to file a federal habeas petition, however, this court has reviewed the Petition. Without addressing whether the Petition raises a cognizable federal claim, it appears the Petition is subject to dismissal because, as indicated in the Petition, petitioner has not exhausted his state remedies with respect to the ground raised in his Petition. The Petition is also unsigned. The court will not make a final determination regarding whether the federal Petition should be dismissed, however, without giving petitioner an opportunity to address these issues.

Accordingly, the court hereby issues this **Order to Show Cause why the Petition should not be dismissed**, and specifically orders petitioner to respond to the Order to Show Cause in writing by no later than **September 29, 2023**. The court further directs petitioner to review the information that follows, which provides additional explanation as to why the federal Petition appears to be subject to dismissal and may assist petitioner in determining how to respond.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-06339-JAK (SP) | Date | August 30, 2023 |
|---|---|---|---|
| Title | RAYMOND A. GREEN v. BPH COMMISSIONERS, et al. | | |

## The Verification Requirement

Under 28 U.S.C. § 2242, all habeas petitions "shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf." *See also* Rule 2(c)(5) of the Rules Governing Section 2254 Cases (all habeas petitions must "be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242"). Here, the form petitioner used for his Petition has a space for petitioner to sign and verify the Petition under penalty of perjury, but the space is left blank. As such, it is subject to dismissal for this reasons.

This is a matter that petitioner could easily remedy by submitting a signed petition. But as discussed below, the Petition also suffers from another defect that may not be as easily remedied.

## The Exhaustion Requirement

A state prisoner must exhaust his or her state court remedies before a federal court may consider granting habeas corpus relief. 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999). To satisfy the exhaustion requirement, a habeas petitioner must fairly present his or her federal claims in the state courts in order to give the State the opportunity to pass upon and correct alleged violations of the prisoner's federal rights. *Duncan v. Henry*, 513 U.S. 364, 365, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995) (per curiam). A habeas petitioner must give the state courts "one full opportunity" to decide a federal claim by carrying out "one complete round" of the state's appellate process in order to properly exhaust a claim. *O'Sullivan*, 526 U.S. at 845.

For a petitioner in California state custody, this generally means that the petitioner must have fairly presented his or her claims in a petition to the California Supreme Court. *See O'Sullivan*, 526 U.S. at 845 (interpreting 28 U.S.C. § 2254(c)); *Gatlin v. Madding*, 189 F.3d 882, 888 (9th Cir. 1999) (applying *O'Sullivan* to California). A claim has been fairly presented if the petitioner has both "adequately described the factual basis for [the] claim" and "identified the federal legal basis for [the] claim." *Gatlin*, 189 F.3d at 888.

In this case, petitioner argues he should have been released on parole. But although petitioner challenges the actions of the Board of Parole Hearings, including an

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-06339-JAK (SP) | Date | August 30, 2023 |
|---|---|---|---|
| Title | RAYMOND A. GREEN v. BPH COMMISSIONERS, et al. | | |

alleged illegal en banc hearing by the BPH on January 18, 2022, there is no indication that petitioner has raised his parole denial with the California Supreme Court. On the contrary, petitioner checked a box in the Petition stating that he has not sought review in the California Supreme Court. As such, it appears petitioner's claim has not yet been exhausted. If this is correct, the Petition is subject to dismissal.

### Petitioner's Options

The Ninth Circuit has stated that lower courts "'have no obligation to act as counsel or paralegal to *pro se* litigants.'" *Ford v. Pliler*, 590 F.3d 782, 787 (9th Cir. 2009) (quoting *Pliler v. Ford*, 542 U.S. 225, 231, 124 S. Ct. 2441, 159 L. Ed. 2d 338 (2004)). But the Ninth Circuit has also recognized that courts may provide pro se litigants with "accurate instruction" before dismissing a "mixed" petition containing both exhausted and unexhausted claims. *See id.* at 786 ("The district court gave [the petitioner] accurate instruction before dismissing his mixed habeas petitions without prejudice. *Pliler* does not allow us to require anything more."). Petitioners with fully unexhausted petitions have some of the same options. *See Mena v. Long*, 813 F.3d 907, 912 (9th Cir. 2016); *Henderson*, 710 F.3d at 874. Accordingly, the court presents petitioner with the following options:

**Option 1:**
If petitioner contends that he has in fact exhausted his state court remedies on the grounds raised in his federal habeas Petition, he should clearly explain this in a written response to this Order to Show Cause. Further, he should also address his failure to sign the Petition. The written response must be filed on or before **September 29, 2023**. Petitioner should attach to his response copies of any documents establishing that his claim or claims are indeed exhausted. (Petitioner may also file a response, and include a notice that, if the court still finds the petition to be unexhausted, he alternatively selects one of the other options discussed below.)

**Option 2:**
Petitioner may request a voluntary dismissal of this action without prejudice pursuant to Federal Rule of Civil Procedure 41(a). **A Notice of Dismissal form is attached for petitioner's convenience.** The court advises petitioner, however, that if petitioner should later attempt to again raise any dismissed claims in subsequent habeas petition, those claims may be time-barred under the statute of limitations in 28 U.S.C.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-06339-JAK (SP) | Date | August 30, 2023 |
|---|---|---|---|
| Title | RAYMOND A. GREEN v. BPH COMMISSIONERS, et al. | | |

§ 2244(d)(1) ("A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.").

**Option 3:**

If petitioner contends that some of his claims are unexhausted but some are not, petitioner may request a voluntary dismissal of only the unexhausted claims, and elect to proceed on only his exhausted claims. **Petitioner may also use the attached Notice of Dismissal form in order to select this option**. The court advises petitioner, however, that if petitioner elects to proceed now with only certain claims, any future habeas petition containing the dismissed grounds for relief or other claims that could have been raised in the instant petition may be rejected as successive (or may be time-barred).

**Option 4:**

Pursuant to *Rhines v. Weber*, 544 U.S. 269, 277-78, 125 S. Ct. 1528, 161 L. Ed. 2d 440 (2005), and *Mena v. Long*, 813 F.3d at 910-12, petitioner may ask the court to stay all of the claims in the petition while petitioner returns to the state courts to exhaust his already pled but unexhausted claims. To obtain a stay of this case pursuant to *Rhines*, petitioner is required to: (a) show good cause for his failure to exhaust his claims in state court earlier; and (b) show that his claims are not "plainly meritless." *See id.* at 277. (Petitioner also may request a *Rhines* stay, and include a notice that, if the court denies the *Rhines* stay, he alternatively selects one of the other options.)

**Option 5:**

If petitioner contends some of his claims are unexhausted but some are not, pursuant to *Kelly v. Small*, 315 F.3d 1063, 1070-71 (9th Cir. 2003), *overruled on other grounds by Robbins v. Carey*, 481 F.3d 1143 (9th Cir. 2007), petitioner may dismiss his unexhausted claims and ask the court to stay his remaining, fully exhausted claims while he returns to the state courts to exhaust his dismissed claims. The court advises petitioner, however, that "[a] petitioner seeking to use the *Kelly* procedure will be able to amend his unexhausted claims back into his federal petition once he has exhausted them only if those claims are determined to be timely. And demonstrating timeliness will often be problematic under the now-applicable legal principles." *King v. Ryan*, 564 F.3d 1133, 1140-41 (9th Cir. 2009). Additionally, a petitioner may only amend a new claim into a pending federal habeas petition after the expiration of the limitations period if the new claim shares a "common core of operative facts" with the claims in the pending petition. *Mayle v. Felix*, 545 U.S. 644, 659, 125 S. Ct. 2562, 162 L. Ed. 2d 582 (2005). (Petitioner

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-06339-JAK (SP) | Date | August 30, 2023 |
|---|---|---|---|
| Title | RAYMOND A. GREEN v. BPH COMMISSIONERS, et al. | | |

also may request a *Kelly* stay, and include a notice that, if the court denies the *Kelly* stay, he alternatively selects one of the other options.)

### Caution

Petitioner is cautioned that if he requests a stay and the court denies the request for a stay, or if petitioner contends that he has in fact exhausted his state court remedies on all grounds and the court disagrees, the court may recommend that his petition be dismissed. Accordingly, as noted above, petitioner may select options in the alternative.

In sum, in order to select Option 1, petitioner must file a response to this Order showing all grounds are exhausted (and also addressing his failure to sign the Petition). In order to select Options 2 or 3, petitioner may file the attached Notice of Dismissal form and fill it out according to his choice. In order to select Options 4 or 5, petitioner must file a written response requesting a stay pursuant to either *Rhines* or *Kelly*. With Options 1, 4, or 5, petitioner may select an alternative option in the event the court finds certain claims unexhausted and/or denies the request for a stay. Whichever option petitioner selects, petitioner must file and serve the responding document clearly stating the option selected **no later than September 29, 2023**.

**The court warns petitioner that failure to timely file and serve a response as directed in this order will result in a recommendation that this action be dismissed without prejudice for failure to exhaust state remedies, for failure to prosecute, and/or for failure to obey court orders.**